UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEZO GOEONG EDWARDS, *et al.*,<br><br>Defendants. | Criminal Nos. 11-129-1, 2, 11 (CKK) |

MEMORANDUM OPINION
(September 5, 2012)

The Superseding Indictment alleges that Defendants Gezo Goeong Edwards, William Martin Bowman, Henry Brandon Williams, and eleven co-Defendants (who are not proceeding to trial) engaged in a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine between January 2009 and April 26, 2011. Presently before the Court is the Government's [365] Motion *in Limine* Seeking Admission of Intrinsic Evidence of the Crime Charged.[1] The Government seeks to admit evidence that in or about March or April of 2010, Defendant Edwards, with Defendant Bowman present, purportedly threatened a co-conspirator with a gun under the belief that the co-conspirator had stolen a large sum of money and several kilograms of cocaine from a stash house utilized by the conspirators. The Government contends the alleged incident constitutes "intrinsic" evidence of the charged conspiracy. In the alternative, the Government argues the alleged incident is admissible as "other-crimes" evidence pursuant to Federal Rule of Evidence 404(b). For the reasons stated below, the Court finds the event in

---

[1] The Court notes that Defendant Edwards' Opposition, ECF No. [389], was inexplicably filed ten days after the deadline set by the Court during the July 27, 2012 status hearing. 7/30/12 Order, ECF No. [358], at 2. Nonetheless, the Government does not oppose the late filing. Gov't's Reply, ECF No. [395], at 1 n.1.

question constitutes "intrinsic" evidence of the conspiracy.[2]  Accordingly, the Government's [365] Motion *in Limine* Seeking Admission of Intrinsic Evidence of the Crime Charged is GRANTED.

## II. BACKGROUND

Defendants Edwards, Bowman, and Williams are charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii).  Defendants Edwards also faces two counts of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c).  Defendant Bowman further faces three counts of using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c), two counts of unlawful distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and three counts of unlawful distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).

The Government's theory of the conspiracy is, generally speaking, that from January 2009 until April 26, 2011, Defendant Edwards supplied cocaine to Defendant Bowman, who then would (1) distribute some of the cocaine to other narcotics traffickers, including Defendant Williams; (2) distribute some of the cocaine on behalf of Defendant Edwards; and (3) convert some of the cocaine into cocaine base, and distribute the cocaine base to Bowman's own customers.  7/26/12 Mem. Opin., ECF No. [354], at 3.  The Government alleges that in or about March or April 2010, Defendant Edwards asked a co-conspirator to "babysit" approximately eighteen kilograms of cocaine and $90,000 in United States currency stored at Defendant

---

[2] The Court need not reach the Government's argument that the event in question constitutes other-crimes evidence admissible under Rule 404(b).  Nevertheless, the Court shall construe the Government's motion as a notice of Rule 404(b) evidence in the event the Government seeks to introduce the evidence pursuant to Rule 404(b) at trial.

Bowman's apartment, which was purportedly used to store and process cocaine for distribution. Gov't's Mot. ¶ 4. Defendant Bowman allegedly forgot to give the co-conspirator the keys to the apartment, thus, when Defendants Bowman and Edwards left the apartment, the co-conspirator was unable to re-enter the apartment. *Id.* The co-conspirator went home for the evening, during which time Defendant Bowman's apartment was burglarized, and the cocaine and currency were stolen. *Id.* Defendant Edwards, upon learning of the burglary, allegedly called a meeting with Bowman, the co-conspirator charged with "babysitting" the cocaine and currency, and another co-conspirator at the latter's residence. *Id.* at ¶ 5. Once the "babysitter" arrived, Edwards ordered the babysitter to the floor at gunpoint. *Id.* Another co-conspirator tied the babysitter's hands behind his back, and Edwards threatened to kill the babysitter. *Id.* After "an extended period of time," the babysitter convinced Edwards that the babysitter was not involved in the burglary. *Id.* Defendant Edwards purportedly gave the babysitter one half of a kilogram of cocaine as an apology for his mistake. *Id.* The conspiracy ceased on April 26, 2011, when agents executed a search warrant for a storage unit allegedly utilized by Defendants Bowman and Edwards and seized over twenty-nine kilograms of cocaine. *Id.* at ¶ 2. Defendants Bowman, Edwards, and various other co-conspirators were arrested in the proximity of the storage unit. *Id.* Defendant Williams was arrested along with several other purported co-conspirators on June 22, 2011. *Id.* at ¶ 3.

### III. DISCUSSION

The Government proffers two alternative bases on which to admit evidence of the incident in question. First, the Government argues the evidence is admissible as "intrinsic evidence" of the charged conspiracy. Second, the Government contends the event may be

admitted as proper "other crimes evidence" pursuant to Rule 404(b). The Court agrees with the Government's initial argument, and thus does not reach the second.

The D.C. Circuit has criticized the distinction between "intrinsic" and "extrinsic" evidence, commonly invoked to avoid the procedural requirements associated with introducing "other crimes evidence" pursuant to Federal Rule of Evidence 404(b). *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000). Notably, "intrinsic" evidence of a charged offense will always satisfy the requirements of Rule 404(b), thus the distinction serves only to "relieve the prosecution of Rule 404(b)'s notice requirement and the Court of its obligation to given an appropriate limiting instruction upon defense counsel's request," and avoid the balancing requirement of Federal Rule of Evidence 403. *Id.* The *Bowie* court explained that although the D.C. Circuit purports to utilize the "inextricably intertwined" test to outline the contours of intrinsic versus extrinsic evidence, it had never previously defined the term. *Id.* at 928. Attempts by other Circuits to define "inextricably intertwined" proved unhelpful, as they were circular and overly-broad. *Id.* at 928-29 (rejecting the approach adopted by other Circuits defining "inextricably intertwined" evidence as that which "completes the story" of the charged offense).

Nevertheless, the *Bowie* court recognized that (at least) two types of evidence may properly be considered "intrinsic," that is, not subject to Rule 404(b): (1) evidence "of an act that is part of the charged offense"; and (2) evidence of "acts performed contemporaneously with the charged crime . . . [that] facilitate the commission of the charged crime." *Id.* at 929. In *Bowie*, the application was straight forward: the defendant was charged with possession of counterfeit bills on May 16, 1997. 232 F.3d at 925. The seizure of counterfeit bills in Bowie's possession on April 17, 1997, was not an act charged in the indictment, and did not occur

contemporaneously with the charged offense. *Id.* at 929. Accordingly, evidence of the April 1997 seizure was not intrinsic to the May 1997 offense, and had to be analyzed under the rubric of Rule 404(b). *Id.*; *cf. United States v. Alexander*, 331 F.3d 116, 126 (D.C. Cir. 2003) (holding that the statement to an emergency dispatcher indicating the defendant "[has] a gun on him now" constituted intrinsic evidence of the weapons possession charge the defendant faced after being arrested moments after the statement was made); *United States v. Coughlin*, 821 F. Supp. 2d 35, 45 (D.D.C. 2011) (finding evidence of the defendant's medical and athletic activities amounted to intrinsic evidence of the charged offense of making a fraudulent claim to the September 11th Victim Compensation Fund).

Admittedly, application of the *Bowie* formulation is more difficult in cases involving conspiracy offenses. As this Court previously noted,

> [F]ew acts may be truly intrinsic to the charged crime. . . . [W]here the crime charged is conspiracy, evidence closely related to the conspiracy alleged in the indictment is admissible as intrinsic evidence. However, when evidence of prior acts relates to actions substantially different from the goals of the conspiracy charged, and occurs prior to the commencement of the conspiracy period, that evidence is better analyzed as falling under the purview of Rule 404(b).

*United States v. Khanu*, 664 F. Supp. 2d 80, 83 (D.D.C. 2009). The case of *United States v. Sitzmann*, --- F. Supp. 2d ---, 2012 WL 1345713 (D.D.C. April 13, 2012), demonstrates this principle. In *Sitzmann*, Judge Paul L. Freidman found that conversations between the defendant and his "soon to-be" co-conspirators evidencing the inception of the charged drug trafficking conspiracy were properly considered intrinsic to the offense in question. *Id.* at *2. However, evidence of the defendant's activities prior to the start of the conspiracy at issue, even if relevant to show the defendant's "level of sophistication and ability to move large quantities of cocaine to Europe and Canada," was not intrinsic under *Bowie* insofar as the activities were neither part of the charged conspiracy nor took place contemporaneously with the charged conspiracy. *Id.*; *see*

5

*also id.* at *2-3 (finding evidence of the defendant's prior association with a co-conspirator and events leading up to a prior conviction were not intrinsic evidence of the charged conspiracy). Therefore, Rule 404(b) controlled the admissibility of evidence of the defendant's earlier drug trafficking activities, even though those activities involved similar conduct to and several of the same co-conspirators as the charged conspiracy. *Id.* at *2.

Judge Rosemary M. Collyer likewise confronted the application of *Bowie* to evidence in a conspiracy case in *United States v. Gooch*, 514 F. Supp. 2d 63 (D.D.C. 2007).  Mr. Gooch was charged with participating in both narcotics and racketeering conspiracies, and objected to the admission of various uncharged incidents that took place during the timeframe of the relevant conspiracies, including an incident in which Gooch's friends and co-conspirators freed Gooch from an arrest an officer attempted to make on the basis of an outstanding murder warrant.  *Id.* at 69-70.  Judge Collyer concluded that incidents, including the escape from arrest, "demonstrated [Gooch's] position in the M Street Crew and was intrinsic to the charged conspiracies." *Id.* at 70.

Based on the present record, the Court finds the incident at issue in the Government's motion is properly considered intrinsic to the charged conspiracy as both an act that is part of the charged offense, and a contemporaneous act that facilitated the commission of the charged offense.  Defendant Edwards' alleged conduct represented an attempt to protect both the object of (cocaine) and proceeds of (currency) the conspiracy charged in the Superseding Indictment. The event also demonstrates Defendant Edwards' purported role as a leader of the conspiracy. *Gooch*, 514 F. Supp. 2d at 70.  Furthermore the Government plausibly alleges that the incident— which took place contemporaneously with the conspiracy at issue—facilitated the conspiracy by solidifying Defendant Edwards' purported role in the conspiracy and reinforcing the expectation

of loyalty amongst the co-conspirators.  Accordingly, on the present record, the Court finds the event at issue in the Government's motion constitutes intrinsic evidence of the charged conspiracy, and is thus admissible on that basis.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds evidence of an incident involving Defendants Edwards, Bowman, and a purported co-conspirator responsible for "babysitting" large amounts of cocaine and currency eventually stolen from Defendant Bowman's apartment is intrinsic evidence of the charged conspiracy in this case.  The event concerned protection of the object and proceeds of the conspiracy, and demonstrates Defendant Edwards' alleged role in the conspiracy.  Moreover, the event in question occurred contemporaneously with the charged conspiracy and facilitated the conspiracy by solidifying Defendant Edwards' position of authority and demonstrating the expectation of loyalty amongst the co-conspirators.  Therefore, the Court finds the event at issue is intrinsic to the charged offense and need not be analyzed under the rubric of Rule 404(b).

An appropriate Order accompanies this Memorandum Opinion.

> _/s/_
> **COLLEEN KOLLAR-KOTELLY**
> UNITED STATES DISTRICT JUDGE