UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GEZO GOEONG EDWARDS, *et al.*, <br><br> Defendants. | Criminal Nos. 11-129-1, 2, 11 (CKK) |

**MEMORANDUM OPINION**
(September 16, 2012)

Presently before the Court is Defendant Gezo Edwards' [390] Motion to Reconsider Denial of Motion to Suppress Evidence Obtained from Interception of Wire Communications. The Court previously denied Defendant Edwards's [244] Motion to Suppress Evidence Obtained from Interception of Wire Communications and Seizure of Electronic Communications, which sought to suppress evidence obtained pursuant to a court-ordered wiretap interception of three cellular telephones purportedly operated by Defendant William Bowman. 7/26/12 Order, ECF No. [353]; 7/26/12 Mem. Opin., ECF No. [354].[1] As indicated on the record during the September 7, 2012 Status Hearing, Defendants Bowman and Henry Williams join in Defendant Edwards' motion. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, Defendant Edwards' motion to reconsider is DENIED.

**I. BACKGROUND**

The Court detailed the factual history relevant to Defendant Edwards' motion at length in

---

[1] For purposes of this Memorandum Opinion, the Court presumes familiarity with the prior Memorandum Opinion.

[2] See Def.'s Mot., ECF No. [390]; Gov't's Opp'n, ECF No. [399]; Def.'s Reply, ECF No. [409]; Def.'s Am. Reply, ECF No. [419]; Gov't's Suppl. Opp'n, ECF No. [424].

1

its Memorandum Opinion denying Edwards' initial motion, 7/26/12 Mem. Opin. at 2-6, and incorporates herein that opinion in full. In short, as part of its investigation of the charged conspiracy, the Government obtained orders authorizing the interception of wire communications to and from three cellular telephones allegedly operated by Defendant Bowman, referred to as "TT1," "TT2," and "TT3." *Id.* at 2-4. The Government obtained the relevant authorizations for TT2 on January 13, February 11, March 11, and April 8, 2011. *Id.* at 4-5. The affidavit filed in support of the applications, signed by FBI Special Agent Timothy S. Pak, did not disclose Defendant Edwards as a possible target of the interception until the April 8, 2011 application. *Id.* at 5. The Government obtained authorizations for TT3 on March 19 and April 15, 2011. Defendant Edwards was disclosed as a possible target of the TT3 interception in both applications. *Id.* All three defendants are charged with conspiracy to distribute and possess with intent to distribute five kilograms or more cocaine. Superseding Indictment, ECF No. [28], at 2-3. Defendants Edwards and Bowman face a number of additional narcotics distribution and/or weapons charges. *Id.* at 3-7.

## II.  LEGAL STANDARD

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, provides that a district court may authorize an application for interception of certain wire, oral, and/or electronic communications. 18 U.S.C. § 2518. Section 2518(1) sets forth the requirements for applications seeking Title III authorizations, and provides that applications must include, among other information:

> (b)   a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including . . . (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted; [and]

  (e) a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire, oral, or electronic communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application[.]

18 U.S.C. § 2518(1)(b), (e).  Defendant Edwards, as an "aggrieved person," *see* 18 U.S.C. § 2510(11), moves to suppress the contents of the interceptions on the basis that the communications were "unlawfully intercepted."  18 U.S.C. § 2518(10)(a).

### III. DISCUSSION

  Although styled as a motion to reconsider, Defendant Edwards' motion is more accurately characterized as a renewed motion to suppress insofar as it raises new arguments to support his contention, as opposed to identifying new factual information or errors in the Court's previous decision.  The Court agrees with the Government that the Defendant could and should have raised these arguments in the context of his initial motion, and thus the motion to reconsider is untimely under the Court's schedule for pretrial motions.  However, the Court declines to deny Defendant's motion outright on this basis.  All of the parties in this case, including the Government, have failed to comply with Court-ordered deadlines regarding pretrial motions at various points, and the Government has not articulated any prejudice from the timing of the Defendant's motion to reconsider.  Accordingly, the Court shall address the merits of the Defendant's motion.

  The Defendant does not take issue with the Court's previous findings that (1) the affidavits filed in support of the Title III applications in this case met the "necessity requirement" articulated in Section 2518; (2) the affidavits did not omit any material information; and (3) the Government complied with the statutory "minimization requirement" in carrying out the authorized interceptions.  Def.'s Mot. at 2 n.1.  Instead, the Defendant argues that the TT2

applications submitted on January 13, February 11, and March 11 failed to meet the statutory requirements found in Section 2518(b)(iv) and (e) because they (1) failed to disclose Defendant Edwards as a possible target of the interception; and (2) failed to disclose previous authorizations for interceptions involving Defendant Edwards.  The Defendant also for the first time responds to the Government's contention that the good faith exception to the exclusionary rule would apply in the event the Court finds the interceptions at issue were unlawful.  For the reasons explained below, the Court finds the Government was not required to disclose Defendant Edwards as a possible target, nor was it obligated to disclose previous authorizations for interceptions concerning Defendant Edwards.  Accordingly, the Court does not reach the parties' arguments regarding the good faith exception.

> A. *The Government Was Not Obligated To Disclose Defendant Edwards As A Possible Target On TT2 Prior to April 8, 2011*

The Defendant initially argues that pursuant to Section 2518(1)(b)(iv), the Government should have disclosed Defendant Edwards as a person "committing the offense and whose communications are to be intercepted" at the very least in the March 2011 application for TT2. The Supreme Court interpreted this section to require that a wiretap application name an individual if the Government (1) "has probable cause to believe that the individual is engaged in the criminal activity under investigation"; and (2) "expects to intercept the individual's conversations over the target telephone." *United States v. Donovan*, 429 U.S. 413, 428 (1977). The *Donovan* court further held that a violation of Section 2518(1)(b)(iv) is not a basis for suppressing the intercepted communications. *Id.* at 439-440.  As such, the Defendant's success on this argument alone would not justify granting the Defendant's motion.  However, because the Defendant's second basis for reconsideration is dependent on the Government's obligations under Section 2518(1)(b)(iv), the Court considers the substance of the Defendant's argument.

4

Echoing the theme of his initial motion, Defendant Edwards contends that the Government had but did not divulge extensive knowledge of Defendant Edwards' involvement with Defendant Bowman before the March 11, 2011 application for renewal of the TT2 wiretap. Specifically, the Defendant argues that:

(a) in January 2011, the Government knew Bowman and Edwards were associates;

(b) in early February 2011, the Government knew Bowman and Edwards "communicated frequently," and Bowman suddenly obtained narcotics;

(c) in late February 2011, the Government knew that Edwards, Bowman, and Defendant Robert Richards "were associating for trafficking in narcotics"; and

(d) on March 8-9, 2011, the Government knew that in 2007, a federal Judge issued authorizations for wiretaps and closed-circuit television monitoring concerning Defendant Edwards.

Def.'s Mot. at 6. Contrary to Defendant's assertion, the Court never found "(a)" to be true; rather, the Court noted that "[*a*]*t best*," the Defendant "ma[d]e a substantial showing that as of January 2011, the Government knew Edwards and Bowman were associates." 7/26/12 Mem. Opin. at 22. Assuming *arguendo* that the above information accurately reflects the Government's knowledge, it at best establishes that as of March 11, 2011 the Government had probable cause to believe Edwards was engaged in the criminal activity under investigation.[3] It does not show that the Government expected Defendant Edwards' conversations to be intercepted over TT2.

Neither party directly addressed the level of certainty required before the Government

---

[3] N.B. The Government disputes Defendant Edwards' account of when the Government learned of Defendant Edwards' involvement with the purported conspiracy involving Defendant Bowman. *E.g.*, Gov't's Opp'n at 6 & n.3. The Court draws no conclusion as to what information regarding Defendant Edwards the Government actually had in its possession at any given time, but presumes without deciding for purposes of this motion that the Defendant's description is correct.

can be said to "expect" that an individual's conversations will be intercepted over a target telephone, but the consensus amongst the Court of Appeals is that the Government is not required to disclose a target unless the Government has probable cause to believe that an individual's conversations will be intercepted over the target telephone. *United States v. Bennett*, 825 F. Supp. 1512, 1522-23 (D. Colo. 1993) (collecting cases). The Defendant's motion falls far short of demonstrating the Government had probable cause to believe Defendant Edwards' conversations would be intercepted over TT2. Despite numerous opportunities to do so, the Defendant has never contested the Government's assertion that "the pen register on TT2 did not show any calls between Bowman and telephone numbers known or believed to be associated with Edwards." Gov't's Omnibus Resp., ECF No. [290], at 23 n.14. By contrast, pen register data reflected hundreds of activations between Defendant Edwards and Defendant Bowman on TT3 beginning at least in January 2010. *Id.*; 3/19/11 Aff. of T. Pak, ¶ 23. To the extent the Government knew Defendants Bowman and Edwards were "associates" involved in the criminal activity under investigation, there is nothing in the record before the Court to indicate the Government should have expected Edwards to suddenly communicate with Bowman via TT2, as opposed to TT3.

The only argument Defendant Edwards offers with regards to the second requirement articulated in *Donovan* is buried in a footnote in the Defendant's motion, in which the Defendant asserts that

> [T]he technology available today allows law enforcement to use the target telephone as a type of monitor from which it can listen to individuals speaking in proximity to the target device. Considering that the Court has found that Pak knew Edwards and Bowman were associates in January 2011, it follows that associates purportedly engaged in drug trafficking would occasionally meet in person. Thus, it is not far fetched to infer that Pak also knew that the Edwards would be intercepted in background conversations near Bowman's telephone.

6

Def.'s Mot. at 6 n.4.  The Court does not read the affidavit to indicate the Government can use the target telephone as a remote listening device capable of intercepting conversations when the telephone itself is not in use.  Rather, what that affidavit reflects is that during the course of a conversation taking place over a target telephone, agents may overhear conversations taking place in proximity to, but not through, one of the telephones involved in the activation.  The relevant question then is whether the Government should have expected to intercept Defendant Edwards' conversations to the extent they took place in proximity to, but not through, a telephone involved in a call with TT2.

By Defendant Edwards' own argument, the Government did not know Defendants Edwards and Bowman were involved in narcotics trafficking together until "late February 2011."  Def.'s Mot. at 6.  Assuming this were true, the Defendant offers no evidence to show the Government had probable cause to believe that as of March 11, 2011, Defendants Edwards and Bowman met in person often enough that Edwards would be intercepted as part of "background conversations" taking place in proximity to an activation involving TT2.  The Defendant believes that it "is not far[-]fetched to infer that [the Government] also knew that Edwards would be intercepted in background conversations near Bowman's telephone," Def.'s Mot. at 6 n.4, but the Defendant's inference does not amount to probable cause.  The Defendant fails to provide any evidence from which the Court could find the Government expected to intercept Defendant Edwards' conversations over TT2.  Therefore, the Government was not required to disclose Edwards as a possible target prior to the April 8, 2011 application for TT2.

      B.    *The Government Was Not Obligated To Disclose Previous Applications Concerning Defendant Edwards*

The Defendant also argues that the Government violated the requirements of Section 2518(1) by failing to disclose in the renewal applications for TT2 two applications for

authorization of interceptions obtained with respect to Defendant Edwards in 2007. Section 2518(1)(e) requires Title III applications to include "all previous applications" for approval of interceptions "involving any of the same persons, facilities or places specified in the application." As articulated above, the Government did not err in omitting Defendant Edwards from the January, February, and March applications for TT2. At the point the Government did not need to name Edwards in the application, under the plain language of Section 2518(1)(e), it was under no obligation to disclose prior applications involving Defendant Edwards.

The Defendant contends that this conclusion "eviscerate[s] the express language and intent of the statute because the government could simply not list someone to avoid having to disclose prior applications relating to that person." Def.'s Mot. at 7 n.5. Defendant's concern is unwarranted. Pursuant to *Donovan*, the Government does not have unfettered discretion to decide which individuals to disclose as targets of a proposed interception. If the Government must name a target per the standard set forth in *Donovan*, the plain language of Section 2518(1)(e) requires the Government to identify all prior applications involving that individual. Conversely, as is the case here, if the Government is not required to disclose an individual as a possible target, Section 2518(1)(e) does not require the Government to disclose prior applications involving that individual. The Government was not obliged to disclose Defendant Edwards as a possible target on TT2 in connection with the January, February, or March 2011 applications. Once the Government identified Edwards as a possible target on TT2 in the April 2011 application, it disclosed the 2007 applications as required by Section 2518(1)(e). 4/8/11 Aff. of T. Pak, ECF No. [247-7], ¶¶ 63-64. The Government's applications for authorization to intercept wireless communications over TT2 met the statutory requirements outlined in Section 2518(1)(e).

## IV.  CONCLUSION

For the reasons stated above, the Court finds no basis on which to suppress the evidence obtained from interceptions of wireless communications from cellular telephones purportedly operated by Defendant Bowman. Even if the Court were to assume the Government had probable cause to believe that Defendant Edwards was engaged in the criminal activity under investigation before March 19, 2011, the Defendant failed to show the Government expected Defendant Edwards' conversations to be intercepted over TT2. Therefore, the Government was not obligated to disclose Edwards as a possible target of the interception. Moreover, at the point the Government was not required to identify Edwards as a potential target of the interception, the Government was likewise not required to disclose prior applications for interceptions concerning Defendant Edwards. Thus, the Government's applications for interceptions of cellular telephones allegedly operated by Defendant Bowman met the statutory requirements. Absent any violation of the statutory requirements, Defendant Gezo Edwards' [390] Motion to Reconsider Denial of Motion to Suppress Evidence Obtained from Interception of Wire Communications is DENIED and the Court does not reach the parties' arguments regarding the applicability of the good faith exception to Title III wiretaps.

An appropriate Order accompanies this Memorandum Opinion.

        */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE