**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| GEZO GOEONG EDWARDS, *et al.*, | Criminal Nos. 11-129-1, 2, 11 (CKK) |
| Defendants. | |

**MEMORANDUM OPINION**
(October 30, 2012)

Presently before the Court is the Government's [465] Motion *in Limine* to Preclude Cross-Examination of Specific Instances of Uncharged Misconduct by a Government Cooperator. The Government seeks to preclude the Defendants from cross-examining two potential witnesses regarding (1) general accusations of past drug trafficking by the witnesses; and/or (2) specific instances of uncharged drug trafficking that purportedly occurred before the conspiracy at issue in this case. For the reasons stated below, upon consideration of the pleadings[1] and the relevant legal authorities, the Government's [465] Motion *in Limine* to Preclude Cross-Examination of Specific Instances of Uncharged Misconduct by a Government Cooperator is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

During the final pretrial status hearing on September 21, 2012, Defendant Edwards raised an issue relating to the Government's *Giglio* disclosures. The Defendant indicated that in the Government's *Giglio* letters concerning purported co-conspirators Willie Shawn Moorer and

---

[1]   *See* Def. Edwards' Notice of Non-Filing, ECF No. [448]; Gov't's Resp. to Notice of Non-Filing, ECF No. [454]; Def. Edwards' Reply in Supp. of Notice of Non-Filing, ECF No. [463]; Gov't's Mot., ECF No. [465]; Def. Edwards' Opp'n, ECF No. [479]; Gov't's Reply, ECF No. [500].

Nathaniel Harrison, the Government indicated that although Moorer and Harrison were never charged, they were believed to have engaged in drug trafficking with Defendant Edwards at some point in the 1990s.  Defendant Edwards sought a ruling from the Court permitting the Defendant to cross-examine Moorer and Harrison regarding their prior drug trafficking activities generally, without opening the door to the Government eliciting the fact that at least some of that activity involved Defendant Edwards.  The Court ordered the Government to produce the relevant 302s regarding the relevant prior drug trafficking activity, and instructed the Defendant to file any motions *in limine* regarding this issue by no later than September 24, 2012.  9/21/12 Order, ECF No. [446], at 1.

In lieu of a motion, on September 24, Defendant Edwards submitted a Notice of Non-filing, indicating that he would not file a motion "based on the government's representations . . . that it did not intend to solicit at trial the substance of Moorer's or Harrison's statements as described in the government's *Gigilio* disclosure letter."  Def.'s Notice of Non-Filing at 1.  The Defendant asserted in a footnote that the Government's representation "is subject to the Court's limitation on Edwards that any cross-examination on the subject be limited to general questions of Moorer's or Harrison's prior drug dealing."  *Id.* at 1 n.1.  Recognizing that the Court had not ruled on the admissibility of the evidence or the proper scope of cross-examination, the Government filed a response to the Defendant's Notice.  *See generally* Gov't's Resp. to Notice of Non-Filing, ECF No. [454].  The parties subsequently exchanged a number of pleadings, and narrowed the dispute to the question of whether the Defendants can cross-examine Moorer and/or Harrison regarding their prior drug trafficking activity under the theory of "reverse

404(b)" evidence,[2] and to what extent such questioning would open the door for the Government

to elicit Defendant Edwards' purported involvement in the witnesses' earlier drug trafficking

activities.

Although the precise nature of the information the Defendants might address during

cross-examination has not been disclosed, based on the parties' pleadings, it appears at least the

following would be potential subjects for cross-examination under Defendant Edwards' theory:

As to Moorer:

- In 1996, Moorer, Terrence Jones, Robert Richards, and Defendant Edwards sold narcotics (including marijuana), and on several occasions during this time period, Moorer purchased cocaine from Edwards, then redistributed the cocaine.  Gov't's Reply ¶ 2.

As to Harrison:

- "Off and on" between 2000/2001 and 2004, Harrison purchased 31 gram quantities of crack and powder cocaine from Defendant Edwards, after which Harrison obtained cocaine from an individual named "Boo."  Gov't's Reply ¶ 2.

- Between 2005 and 2007, Harrison obtained cocaine from Terrence Jones, after which Harrison once again obtained cocaine from Boo.  *Id.*

- In 2008, Harrison resumed purchasing cocaine from Terrence Jones.  *Id.*

The Court shall address these specific instances, but the Court's analysis is applicable to any

other drug trafficking activity pre-dating the conspiracy that the Defendants might raise.

## II.  LEGAL STANDARD

A.    *Rule 404(b) Evidence*

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act

is not admissible to prove a person's character in order to show that on a particular occasion the

---

[2]   Defendant Edwards indicated he would not seek to cross-examine Moorer and/or Harrison regarding the prior uncharged acts pursuant to Federal Rule of Evidence 608.  Def.'s Reply in Supp. of Notice of Non-Filing ¶ 3.

person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) proscribes certain procedures for the prosecutors to provide notice of proposed 404(b) evidence to the defense. *Id.* Admission of such "other crimes" evidence that is otherwise permissible under Rule 404(b)(2) is subject to exclusion "on the basis that it is unfairly prejudicial, cumulative or the like, its relevance notwithstanding." *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000) (quotations omitted); *id.* at 931 ("[W]e have consistently stated that Rule 403 may bar evidence otherwise admissible under Rule 404(b)."). Rule 404(b) is "quite permissive" and considered a "rule of inclusion rather than exclusion." *Id.* at 930.

At issue in the Government's motion is a type of evidence referred to as "reverse 404(b)" evidence.

> Rule 404(b) is most often used by prosecutors to introduce evidence of a criminal defendant's conduct that is not part of the charged crimes. . . . Criminal defendants, however, may also use Rule 404(b) to bolster their defenses by making use of what is known as "reverse 404(b)" evidence.

*United States v. Alayeto*, 628 F.3d 917, 921 (7th Cir. 2010). Other crimes evidence relating to witnesses may be introduced under this theory "if it tends, along or with other evidence, to negate [the defendant's] guilt of the crime charged against the [defendant]." *Id.* (citation omitted). Reverse 404(b) evidence "is still constrained by the other Federal Rules of Evidence," including that it "must be relevant, must not constitute inadmissible hearsay, and must survive the balancing of competing considerations under Rule 403." *Id.* (citations omitted). The D.C. Circuit has not directly addressed the admissibility of reverse 404(b) evidence, but several other

Circuits have approved of the use of such evidence.[3]  *See generally id.*; *United States v. Myers*, 589 F.3d 117 (4th Cir. 2009); *United States v. Lucas*, 357 F.3d 599 (6th Cir. 2004); *United States v. Stevens*, 935 F.2d 1380 (3d Cir. 1991).

## III.  DISCUSSION

A.      *Reverse 404(b) Evidence Generally*

Defendant Edwards contends that Moorer's and Harrison's prior drug trafficking activity is relevant reverse 404(b) evidence because "it demonstrates that they had the knowledge of how to distribute drugs" and "it is relevant to their ability and intent to distribute drugs."  Def.'s Reply in Supp. of Notice of Non-Filing ¶ 3.  The Defendant later clarified that the witnesses' history of drug trafficking is relevant insofar as it demonstrates Moorer and Harrison had the opportunity to distribute narcotics, and would ultimately support the theory that Moorer and Harrison were engaged in a conspiracy separate from that charged in the Superseding Indictment. Def.'s Opp'n ¶ 4.

The Defendant's contention falls short for several reasons.  First, the Defendant fails to show how any history of trafficking in *marijuana* is relevant to show Moorer's and/or Harrison's knowledge, opportunity, or intent to distribute powder cocaine, the only narcotic at issue in the charged conspiracy.  Second, the Government does not dispute that Moorer and Harrison had the opportunity to and knowledge of how to distribute narcotics, and the Court expects Moorer and Harrison (if called) would testify to that effect.  For traditional 404(b) evidence, the non-propensity purpose does not have to be in dispute in order for the Government to introduce the other crimes evidence.  *United States v. Douglas*, 482 F.3d 591, 597 (D.C. Cir. 2007).

---

[3]  The Government does not appear to contest the general admissibility of reverse 404(b), but does contend the Defendants' proposed use of specific evidence is inappropriate under the reverse 404(b) framework.

Nevertheless, the fact that the Government does not dispute the issues identified by Defendant Edwards demonstrates that the reverse 404(b) evidence would not be *exculpatory* as to Defendant Edwards, a pre-requisite to the admission of reverse 404(b) evidence. *Agushi*, 196 F.3d at 760. At the point the Government concedes—and Moorer and Harrison would admit when asked—that the witnesses had the opportunity to and knowledge of how to distribute narcotics, eliciting specific prior instances further demonstrating this knowledge and opportunity would not tend to negate the Defendant's guilt in any way. The Defendant contends that the Court should require a lower level of similarity between the other crimes evidence and the charges at issue when evaluating reverse 404(b) evidence because there is no risk of prejudice to the Defendant. Def.'s Reply in Supp. of Notice of Non-Filing ¶ 6. Even if a lower standard of similarity is warranted, the Defendant still must articulate some non-propensity purpose for the evidence that would tend to negate his guilt, which he has failed to do.

The only theory Edwards offers as to why the reverse 404(b) evidence would be exculpatory is that evidence Moorer and Harrison previously acquired cocaine from one or more individuals other than Defendant Edwards would help to show Moorer and Harrison had the knowledge and opportunity to acquire narcotics from other sources and during the relevant time period (January 2010 to April 2011) were engaged in a separate conspiracy that did not involve Defendant Edwards. Def.'s Opp'n ¶ 4. To the extent Defendant Edwards could provide some evidence of a separate conspiracy by way of this reverse 404(b) evidence, the Government would be entitled to elicit the fact that Moorer and Harrison also acquired cocaine from Edwards in the past. Defendant Edwards never responded to the Government's contention that at the point Edwards raises the issue of a separate conspiracy involving Moorer and Harrison, Edwards' prior drug trafficking activity with these individuals becomes independently admissible as 404(b)

evidence against Defendant Edwards.  Gov't's Reply ¶ 7.  Second, under Rule 403, on the record before the Court, it would be unduly prejudicial to the Government for the Court to admit reverse 404(b) evidence to support the Defendant's claim of a separate conspiracy while barring the Government from introducing 404(b) evidence directly relevant to rebutting this claim.

Defendant Edwards contends that the Government cannot bring out this direct 404(b) evidence against Defendant Edwards because the Government failed to provide proper notice of its intent to use such evidence.  Def.'s Reply in Supp. of Notice of Non-Filing ¶ 6.  To the contrary, the Government indicated as early as the September 21, 2012 hearing that if the Defendant introduced prior drug trafficking activity by Moorer and Harrison, the Government would introduce evidence of Defendant Edwards' involvement in those prior activities.  This disclosure provided the Defendant notice within the time frame specified by Rule 404(b)(2), and in any case the Defendant has not articulated any prejudice from the timing of the Government's notice.

In sum, Moorer's and Harrison's prior drug trafficking activity cannot be introduced as reverse 404(b) evidence to show their knowledge or opportunity generally because such information would not be exculpatory or tend to negate Defendant Edwards' guilt in this case. The Defendant may cross-examine Moorer and/or Harrison regarding their prior drug trafficking activity in order to show they may have been involved in a separate conspiracy, but the Government will be permitted to elicit the fact that Defendant Edwards previously supplied cocaine to both Moorer and Harrison so as to rebut the separate conspiracy defense.  If any of the Defendants ultimately decide to cross-examine Moorer and/or Harrison regarding their prior drug trafficking activity in order to show a separate conspiracy, the Defendants must provide advance notice to the Court so that the Court can make the relevant Rule 403 determination.

B.      *General vs. Specific History of Drug Trafficking*

At various points in his pleadings, the Defendant emphasized that he would only cross-examine Moorer and Harrison regarding their *general* history of drug trafficking, as opposed to specific prior instances.   The Defendant failed to cite any legal basis for raising a witness' *general* history of other crimes, as opposed to specific acts.   The Defendant concedes Rule 608 does not provide a basis for his proposed cross-examination, and as stated above, Rule 404(b) would preclude most questions, and otherwise would open the door for the Government to elicit Defendant Edwards' involvement.   The Defendant has not identified any other legal basis for questioning Moorer and Harrison regarding their drug trafficking history period, and thus cannot avoid the import of the Court's ruling (or the Federal Rules of Evidence) by phrasing his questions in terms of the witnesses' general history.

C.      *Defendant's Constitutional Arguments*

Finally, the Defendant contends that pursuant to the Fifth and Sixth Amendments, he must have the opportunity to raise issues relating to a witness' reliability and potential bias in order to have the opportunity for adequate and effective cross-examination.   Def.'s Reply in Supp. of Notice of Non-Filing ¶ 5.   The Defendant did not identify how Moorer's or Harrison's drug trafficking history is relevant to show potential bias on the part of Moorer or Harrison. Even if the Defendant can articulate *some* basis for believing this information is relevant to Moorer's and/or Harrison's potential bias, the Court "may exclude marginally relevant evidence and evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights." *United States v. Alayeto*, 628 F.3d 917, 922 (7th Cir. 2010) (citing *Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006)).   Unless and until Defendant Edwards demonstrates how this information is relevant to the issue of bias, the exclusion of this evidence

does not impinge upon any of the Defendant's constitutional rights.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendant Edwards shall not be permitted to cross-examine Willie Shawn Moorer or Nathaniel Harrison regarding specific acts of prior drug trafficking for the purpose of showing their general knowledge or opportunity to obtain or distribute cocaine (or any other narcotics) because it would not tend to negate the Defendant's guilt.  Subject to balancing under Rule 403, the Defendant may be permitted to cross-examine Moorer or Harrison regarding specific acts of prior drug trafficking for the purpose of attempting to show a separate conspiracy involving Moorer and/or Harrison and not Edwards, but the Government will be permitted to elicit the fact the witnesses previously obtained cocaine from Defendant Edwards.  Defendant Edwards failed to articulate an appropriate legal basis, therefore he shall not be permitted to cross-examine Moorer or Harrison regarding their "general history" of drug trafficking.  Accordingly, the Government's [465] Motion *in Limine* to Preclude Cross-Examination of Specific Instances of Uncharged Misconduct by a Government Cooperator is GRANTED IN PART and DENIED IN PART.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE