UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GEZO GOEONG EDWARDS, *et al.*,<br><br>Defendants. | Criminal Nos. 11-129-1, 2, 11 (CKK) |

**MEMORANDUM OPINION**
(November 15, 2012)

Before trial commenced, the Government filed a [441] Notice of Intent to Introduce Certified Business Records in Evidence, indicating that the Government intended to introduce certified business records into evidence by way of authenticating declarations pursuant to Federal Rules of Evidence 803(6) and 902(11). Among other objections from the Defendants, Defendant Williams objected on the grounds that the Rule 902(11) certifications purporting to authenticate the business records were testimonial and thus inadmissible hearsay pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). *See generally* Def. Williams' Objs., ECF No. [452]. The Court overruled the Defendants' *Crawford* objection and resolved the parties' substantive objections to the records and certifications. 10/10/12 Order, ECF No. [492], at 1. The Government subsequently introduced certain records at trial with the certifications. This Memorandum Opinion briefly sets forth the Court's reasons for overruling the Defendants' *Crawford* objection.

**I. BACKGROUND**

Federal Rule of Evidence 803(6) provides that records made under certain conditions, often referred to as "business records," are not excluded by the prohibition on hearsay testimony.

Under Rule 902(11), business records described in Rule 803(6) are self-authenticating if accompanied by a certification indicating the records meet the requirements of Rule 803(6). Pursuant to these rules, the Government filed a notice indicating it would seek to introduce a variety of business records (including bank records, rental car records, and cellular phone records) by way of authenticating certifications---declarations under oath from the relevant custodian of records.

Prior to 2004, there would have been little dispute that the Government could use this procedure so long as it satisfied the requirements of Rule 803(6) and 902(11). However, in *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that *testimonial* statements of witnesses that do not appear at trial violate the Confrontation Clause of the Sixth Amendment unless the witness is unavailable to testify, and the defendant had a previous opportunity to cross-examine the witness. *Id.* at 1365-66. The challenge for the courts since *Crawford* is to determine whether out of court statements otherwise admissible under the Federal Rules of Evidence---including the certifications are issue here---are testimonial and now inadmissible.

## II. DISCUSSION

The thrust of Defendant Williams' argument is that the certifications are out of court statements made with the intent that the certifications would be used at trial in order to establish certain facts at trial. Thus, according to the Defendant, these certifications fall squarely within the scope of "testimonial" statements proscribed by *Crawford*. Although the D.C. Circuit has yet to directly rule on this issue,[1] at least five other Circuits have rejected the Defendant's argument and concluded that certifications authenticating business records are not testimonial and

---

[1] *See United States v. Hemphill*, 514 F.3d 1350, 1358 n.2 (D.C. Cir. 2008); *United States Adefehinti*, 510 F.3d 319, 327-28 (D.C. Cir. 2007).

therefore are not barred by *Crawford*. *E.g.*, *United States v. Johnson*, 688 F.3d 494, 504-05 (8th Cir. 2012); *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011); *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007); *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

Admittedly, the certifications are out of court statements, and they are likely made in anticipation of litigation. The Defendant argues, relying solely on an unpublished decision from the District of Kansas, that the certifications are introduced for the purpose of establishing a particular fact, "namely that the proper foundation for the admission of the business record[s] exist[]." *United States v. Wittig*, No. 03-40142, 2005 WL 1227790, at *2 (D. Kan. May 23, 2005). As the Seventh Circuit explained in *United States v. Ellis*, 460 F.3d 920 (7th Cir. 2006), an authenticating certification under Rule 902(11) is "nothing more than the custodian of records . . . attesting that the submitted documents are actually records kept in the ordinary course of business" and "merely establish the existence of the procedures necessary to create a business record." *Id.* at 927. It is the underlying business records, not the certification, that are introduced to establish facts at trial.[2]

As part of its Confrontation Clause jurisprudence, the Supreme Court has specifically distinguished affidavits or certificates authenticating records from other types of affidavits. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). In *Melendez-Diaz*, the Court held that an affidavit stating that materials seized in connection with a criminal investigation were cocaine was testimonial. *Id.* at 307. However, in responding to the dissent's concern that the holding would eviscerate the usefulness of Rule 902(11), the Court explained that "[a] clerk could by

---

[2] Notably, the Defendant does not even attempt to distinguish *Ellis*, or any of the other relevant Circuit decisions, except to say that *Ellis* did not acknowledge *Wittig*----a contrary district court decision from a different Circuit issued the year prior.

affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not do what the analysts did here: *create* a record for the sole purpose of providing evidence against a defendant." *Id.* at 322-23.  The Defendant emphasizes a different portion of the Court's analysis, which indicated that "a clerk's certificate attesting to the fact that the clerk had searched for a particular record and failed to find it," would be substantive evidence against the evidence.  Def.'s Opp'n at 13 (quoting *Melendez-Diaz*, 557 U.S. at 323).  The Government did not seek to or actually introduce any certificate to this effect; each of the certifications used by the Government in this case merely authenticated business records introduced into evidence.

In a footnote, the Defendant notes that this discussion in *Melendez-Diaz* referenced a clerk authenticating public records, rather than a custodian authenticating business records.  Def.'s Opp'n at 13 n.5.  This is a distinction without a difference.  Both types of certifications involve an individual attesting to the authenticity of certain records.  It is the records, *not* the certification, that are introduced as substantive evidence against the defendant during trial.  The certifications at issue are simply "too far removed from the 'principal evil at which the Confrontation Clause was directed' to be considered testimonial."  *Ellis*, 460 F.3d at 920.

//
//
//
//
//
//
//

## III.  CONCLUSION

Cognizant of the care with which the Supreme Court has approached the Confrontation Clause and the application of *Crawford*, this is not a close case.  At least five separate Circuits have held that certifications used pursuant to Federal Rule of Evidence 902(11) to authenticate business records are not testimonial and can be used to lay a foundation for the admissibility of business records under Rule 803(6).  The certifications merely establish the procedures through which the underlying records were made.  The business records---not the certifications---are used to establish facts against the defendant at trial.

          /s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE